ELDRIDGE HAWKINS LLC
Attorney At Law
Attorney ID No. 214731967
60 Evergreen Place, Suite 510
East Orange, New Jersey 07018
Tel: (973) 676-5070 Fax: (973) 676-7356
Email: hwklaw@aol.com
Attorney for: Plaintiff

CECILE D. PORTILLA, ATTORNEY AT LAW LLC
7 Glenwood Avenue, Suite 400
East Orange, NJ 07017
Phone (973) 419 2325 Fax (973) 669 3268
Attorney Id: 021212005
portillalaw@gmail.com

| | |
|---|---|
| PATIENT MV<br><br>Plaintiff<br><br>v.<br><br>**COORDINATED CARE NETWORK PHARMACY, LLP**, PHARMACIST BASH**IRA JOHN DOES 1–10**, AND **ABC CORPORATIONS 1–10**<br><br>Defendants | UNITED STATES DISTRICT COURT DISTRICT IN NEW JERSEY<br><br>Case #<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Patient MV, proceeding via a pseudonym to protect her medical privacy and residing in the State of New Jersey, by way of Complaint against Defendants Coordinated Care Network Pharmacy, LLP, (CCN Pharmacy or CNN), Pharmacist Bashira [Last Name Unknown], John Does 1–10, and ABC Corporations 1–10, hereby alleges and says:

## I. NATURE OF THE ACTION AND PSEUDONYMITY

1. This is a civil action seeking compensatory damages, punitive damages, statutory relief, and attorneys' fees arising out of the unlawful, reckless, and unauthorized public disclosure of Plaintiff Patient MV's confidential Protected Health Information ("PHI") and HIV-related medication status by Defendants on March 11, 2026.
2. Specifically, Defendant Pharmacist Bashira, acting within the scope of her employment at Defendant CCN Pharmacy, loudly announced Plaintiff's prescription for **Biktarvy**—a widely advertised antiretroviral medication used exclusively to treat HIV-1—in a public area of the pharmacy within earshot of unauthorized third parties, including a case manager from Plaintiff's therapy center to whom Plaintiff had never disclosed her HIV status.
3. Plaintiff is proceeding in this action under the pseudonym **"Patient MV"** because this lawsuit directly involves the unauthorized public exposure of her highly sensitive HIV-related prescription and medical condition, and requiring her to litigate under her full legal name would exacerbate the exact privacy injury, stigma, and emotional trauma for which she seeks redress. Plaintiff's true identity is already known to Defendants through their pharmacy records and prior notice of claim.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** (Federal Question Jurisdiction) as Plaintiff asserts claims arising under

federal law, including Section 504 of the Rehabilitation Act of 1973 (**29 U.S.C. § 794**) and duties established under the Health Insurance Portability and Accountability Act of 1996 (**HIPAA**, 42 U.S.C. § 1320d *et seq.*).

5. To the extent Defendant CCN Pharmacy is a corporate citizen of a state other than New Jersey, this Court also possesses Diversity Jurisdiction pursuant to **28 U.S.C. § 1332**, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and demands **$3,000,000.00** in damages.
6. This Court has supplemental jurisdiction over Plaintiff's New Jersey constitutional, statutory, and common-law tort claims pursuant to **28 U.S.C. § 1367(a)**, as all claims arise out of a common nucleus of operative fact.
7. Venue is proper in the United States District Court for the District of New Jersey (Newark Vicinage) pursuant to **28 U.S.C. § 1391(b)(2)** because all events and omissions giving rise to Plaintiff's claims occurred in Newark, Essex County, New Jersey.

## III. THE PARTIES

8. Plaintiff **Patient MV** (proceeding under a pseudonym) is an adult individual and citizen of the State of New Jersey.
9. Defendant **CCN Pharmacy** (hereinafter "CCN") is a retail pharmacy business entity operating at 268 Dr. Martin Luther King Jr. Boulevard, Newark, New Jersey 07102, which regularly conducts business, dispenses prescription medications, and

receives federal financial assistance (including Medicare and Medicaid reimbursements).

10. Defendant **Pharmacist Bashira [Last Name Unknown]** (hereinafter "Pharmacist Bashira") was at all relevant times a licensed pharmacist, pharmacy employee, and/or agent of Defendant CCN Pharmacy working at the 268 Dr. Martin Luther King Jr. Boulevard location.

11. Defendants **John Does 1–10** and **ABC Corporations 1–10** are fictitious names representing unknown managers, supervisors, pharmacists-in-charge, corporate owners, or insurers who owned, operated, supervised, or failed to train staff at CCN Pharmacy.

## IV. FACTUAL ALLEGATIONS

12. Prior to March 11, 2026, Plaintiff Patient MV was a regular pharmacy patient and customer of Defendant CCN Pharmacy.

13. As a healthcare provider and retail pharmacy, CCN and its pharmacists owed Plaintiff a strict statutory, professional, and common-law duty to safeguard her Protected Health Information ("PHI") and keep her medical diagnoses and prescription history strictly confidential.

14. Plaintiff had been prescribed **Biktarvy** (bictegravir/emtricitabine/tenofovir alafenamide), a well-known, heavily advertised prescription medication used for the treatment of Human Immunodeficiency Virus ("HIV").

15. At no time did Plaintiff execute a written HIPAA authorization, waiver, or verbal consent permitting CCN or its employees to disclose her prescription history or medical condition to third parties or members of the general public.

16. On or about **March 11, 2026**, Plaintiff visited CCN Pharmacy at 268 Dr. Martin Luther King Jr. Boulevard in Newark, New Jersey, to attend to her prescription needs.

17. While Plaintiff was present in the public customer area of CCN Pharmacy, Defendant Pharmacist Bashira, acting within the course and scope of her employment, loudly declared for everyone in the store to hear: ***"What about Biktarvy?"*** directly to an unauthorized third party—specifically, a case manager from Plaintiff's therapy center to whom Plaintiff had never disclosed her HIV status.

18. Said case manager had no legal authority, medical necessity, or permission from Plaintiff to know that Plaintiff was prescribed Biktarvy or suffered from an underlying medical condition requiring antiretroviral therapy.

19. Multiple bystanders and customers in the pharmacy were also within earshot of Pharmacist Bashira's loud declaration.

20. Because Biktarvy is ubiquitously advertised in television and print media specifically as an HIV medication, Pharmacist Bashira's public announcement immediately broadcast Plaintiff's confidential HIV status to the case manager from her therapy center and the surrounding public.

21. Upon returning to her therapy center for her next scheduled session following the March 11, 2026 disclosure, Plaintiff was treated noticeably differently, causing Plaintiff to suffer an acute anxiety attack, severe emotional distress, humiliation, and fear of attending therapy.

22. Following the incident, on June 12, 2026, Plaintiff's counsel served formal written notice of Plaintiff's claims upon CCN Pharmacy.

23. As a direct and proximate result of Defendants' unauthorized public disclosure, Plaintiff has suffered ongoing psychological trauma, disruption to her mental health treatment, public stigma, embarrassment, fear of community ostracization, loss of enjoyment of life, and severe emotional distress.

## V. CAUSES OF ACTION

**COUNT ONE**

**(Violation of Section 504 of the Rehabilitation Act of 1973 – 29 U.S.C. § 794)**

*(Against Defendant CCN Pharmacy)*

24. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 23 as if set forth fully herein.

25. Plaintiff is an individual with a disability within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by virtue of having a medical condition (HIV) requiring treatment with Biktarvy, which substantially limits major life activities and immune system function.

26. Defendant CCN Pharmacy is a recipient of federal financial assistance, including

Medicare and Medicaid funds, making it subject to Section 504's mandates.

27. Defendants subjected Plaintiff to discriminatory treatment and denied her the safe, confidential, and equal enjoyment of pharmacy services by publicly broadcasting her disability-related medication to unauthorized third parties in violation of federal privacy protections.

28. As a direct result of CCN's deliberate indifference and discriminatory conduct, Plaintiff suffered severe emotional distress and damages.

**COUNT TWO**
**(Public Disclosure of Private Facts – Invasion of Privacy)**
*(Against All Defendants)*

29. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 28 as if set forth fully herein.

30. Plaintiff's prescription for Biktarvy and her underlying medical condition were private facts that Plaintiff kept strictly confidential from the public and from the case manager at her therapy center.

31. Defendant Pharmacist Bashira gave publicity to Plaintiff's private medical facts by loudly announcing *"What about Biktarvy?"* to the case manager from Plaintiff's therapy center and other bystanders in a public retail setting.

32. Public disclosure of a person's HIV status and antiretroviral prescription is highly offensive to a reasonable person of ordinary sensibilities.

33. Plaintiff's private medical status was not a matter of legitimate public concern.

34. Defendant CCN Pharmacy is vicariously liable for the tortious acts of Defendant Pharmacist Bashira committed within the scope of her employment.

**COUNT THREE**
**(Intrusion Upon Seclusion – Invasion of Privacy)**
*(Against All Defendants)*

35. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 34 as if set forth fully herein.

36. Plaintiff maintained a reasonable expectation of privacy in her confidential pharmacy records and medical consultations at CCN Pharmacy.

37. Defendants intentionally intruded upon Plaintiff's private affairs and medical solitude by shouting her confidential prescription details across a public counter to an unauthorized case manager from her therapy center.

38. This intrusion would be highly offensive to a reasonable person and caused Plaintiff severe emotional harm.

**COUNT FOUR**
**(Negligence Per Se – Violation of HIPAA Statutory Standards, 42 U.S.C. § 1320d et seq. & 45 C.F.R. Parts 160 and 164)**
*(Against All Defendants)*

39. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 38 as if set forth fully herein.

40. Defendant CCN Pharmacy is a "Covered Entity" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and Defendant Pharmacist

Bashira is a member of CCN's workforce and a licensed healthcare provider bound by HIPAA Privacy Rules (45 C.F.R. § 164.502 and § 164.530(c)).

41. HIPAA establishes the statutory standard of care requiring pharmacies and pharmacists to implement administrative, technical, and physical safeguards to protect the privacy of PHI and prevent incidental or intentional oral disclosures in public waiting areas.

42. Plaintiff is a member of the class of persons HIPAA was enacted to protect, and public disclosure of her PHI is the exact harm HIPAA was designed to prevent.

43. Defendants breached this statutory standard of care by loudly announcing Plaintiff's prescription in front of the case manager from her therapy center and other customers without authorization, constituting negligence *per se*.

**COUNT FIVE**
**(Negligence, Pharmacy Malpractice, and Breach of Fiduciary / Professional Duty of Confidentiality)**
*(Against All Defendants)*

44. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 43 as if set forth fully herein.

45. Under New Jersey common law and New Jersey Board of Pharmacy regulations (N.J.A.C. 13:39-1 *et seq.*), a retail pharmacy and a licensed pharmacist owe patients an independent fiduciary and professional duty of strict confidentiality regarding prescription records and pharmaceutical care.

46. Defendants deviated from accepted standards of pharmacy practice and breached this

duty of care on March 11, 2026, by failing to maintain acoustic and physical privacy at the pharmacy counter and carelessly disclosing Plaintiff's medication to unauthorized individuals.

47. As a direct and proximate result of Defendants' negligence and professional deviation, Plaintiff sustained severe psychological trauma, an acute anxiety attack, and emotional distress.

**COUNT SIX**
**(Intentional Infliction of Emotional Distress)**
*(Against All Defendants)*

48. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 47 as if set forth fully herein.

49. Loudly broadcasting a customer's HIV medication in a public neighborhood pharmacy to an unauthorized third party is extreme, outrageous, and utterly intolerable in a civilized community.

50. Defendant Pharmacist Bashira acted intentionally or with reckless disregard of the high probability that emotional distress and social stigma would follow from shouting Plaintiff's Biktarvy prescription in public.

51. Plaintiff suffered severe emotional distress, including an acute anxiety attack and fear of attending therapy, so acute that no reasonable person could be expected to endure it.

**COUNT SEVEN**
**(Negligent Infliction of Emotional Distress)**
*(Against All Defendants)*

52. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 51 as if set forth fully herein.

53. Defendants owed Plaintiff a duty of reasonable care to protect her sensitive health information from public exposure.

54. It was entirely foreseeable that publicly disclosing a patient's HIV-related medication would cause severe fright, humiliation, anxiety attacks, and psychological injury.

55. Defendants' negligent conduct directly caused Plaintiff severe emotional distress and trauma.

**COUNT EIGHT**
**(Violation of the New Jersey Constitution, Article I, Paragraph 1 – Right to Privacy)**
*(Against All Defendants)*

56. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 55 as if set forth fully herein.

57. Article I, Paragraph 1 of the New Jersey Constitution guarantees all persons natural and unalienable rights, including a fundamental constitutional right to informational privacy and control over confidential medical records.

58. Defendants violated Plaintiff's fundamental right to privacy under Article I, Paragraph 1 of the New Jersey Constitution by exposing her private medical status to unauthorized third parties without consent.

**COUNT NINE**
**(Violation of the New Jersey Law Against Discrimination ("NJLAD") – N.J.S.A. 10:5-1 et seq.)**
*(Against All Defendants)*

59. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 58 as if set forth fully herein.

60. Defendant CCN Pharmacy is a "place of public accommodation" within the meaning of N.J.S.A. 10:5-5(l).

61. Plaintiff is a member of a protected class under the NJLAD by virtue of her medical disability (HIV/AIDS status, N.J.S.A. 10:5-5(q)).

62. Defendants discriminated against Plaintiff in the furnishing of public accommodations by stripping her of medical privacy and subjecting her to public humiliation and stigma based on her disability-related prescription, in violation of N.J.S.A. 10:5-12(f).

**COUNT TEN**
**(Violation of the New Jersey Consumer Fraud Act ("NJCFA") – N.J.S.A. 56:8-1 et seq.)**
*(Against Defendant CCN Pharmacy)*

63. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 62 as if set forth fully herein.

64. Defendant CCN Pharmacy advertised, offered, and sold retail pharmacy services to Plaintiff with the express and implied representation (including via mandatory HIPAA Notice of Privacy Practices) that patient medical records and prescriptions would remain

strictly confidential.

65. CCN's failure to safeguard Plaintiff's PHI and its public disclosure of her prescription constituted an unconscionable commercial practice and misrepresentation in connection with the sale of merchandise/services under N.J.S.A. 56:8-2.

66. As a direct and proximate result of CCN Pharmacy's unconscionable commercial practices and misrepresentations regarding patient privacy, Plaintiff suffered an ascertainable economic loss, including prescription payments/copayments made to CCN Pharmacy in reliance on its privacy representations, out-of-pocket expenses incurred in transferring her pharmaceutical care, and out-of-pocket medical and psychological treatment costs, entitling Plaintiff to treble damages and statutory attorneys' fees pursuant to N.J.S.A. 56:8-19.

**COUNT ELEVEN**
**(Negligent Hiring, Training, Supervision, and Retention)**
*(Against Defendants CCN Pharmacy, John Does 1–10, and ABC Corporations 1–10)*

67. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 66 as if set forth fully herein.

68. Defendant CCN Pharmacy had a mandatory duty to properly hire, train, and supervise its pharmacists and pharmacy staff regarding patient confidentiality, HIPAA privacy compliance, and the handling of sensitive prescriptions such as Biktarvy.

69. CCN knew or should have known that failing to train and supervise Defendant Pharmacist Bashira on basic privacy protocols created an unreasonable risk of

unauthorized public disclosures of PHI.

70. CCN's negligent training and supervision directly caused Plaintiff's injuries.

**COUNT TWELVE**
**(Breach of Implied Contract)**
*(Against Defendant CCN Pharmacy)*

71. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 70 as if set forth fully herein.

72. When Plaintiff utilized CCN Pharmacy to fill her prescriptions, an implied-in-fact contract was formed whereby CCN agreed to maintain the confidentiality of Plaintiff's medical information in exchange for Plaintiff's patronage and payment/insurance reimbursement.

73. CCN materially breached this implied contract on March 11, 2026, when Pharmacist Bashira publicly disclosed Plaintiff's Biktarvy prescription to the case manager from Plaintiff's therapy center.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patient MV demands judgment against Defendants CCN Pharmacy, Pharmacist Bashira, John Does 1–10, and ABC Corporations 1–10, jointly and severally, as follows:

A. Permission to proceed in this action under the pseudonym "Patient MV" to protect her confidential medical status;

B. Compensatory damages for severe emotional distress, psychological trauma, humiliation, loss of privacy, and stigma in the amount of One Million Dollars ($3,000,000.00);

C. Punitive damages pursuant to the New Jersey Punitive Damages Act (N.J.S.A. 2A:15-5.9 *et seq.*) and the NJLAD due to Defendants' reckless indifference to Plaintiff's federally and constitutionally protected privacy rights;

D. Treble damages pursuant to the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-19);

E. Reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 29 U.S.C. § 794a, N.J.S.A. 10:5-27.1, and N.J.S.A. 56:8-19;

F. Pre-judgment and post-judgment interest as allowed by law; and

G. Such other and further relief as this Court deems just and equitable.

**ATTORNEY VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, ***Cecile D. Portilla, Esq.)***, hereby declare and verify as follows:

1. I am an attorney at law currently practicing before the District Court and represent Plaintiff, **Patient MV** (proceeding under a pseudonym), in the above-captioned action.

2. I have read the foregoing Complaint and reviewed the facts of this matter with Plaintiff.

3. Based upon personal investigation, review of relevant records, and information provided by Plaintiff, the factual allegations contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

4. I am executing this Verification as counsel of record rather than having Plaintiff execute it personally in order to safeguard Plaintiff's identity and medical privacy in connection with her application to proceed under a pseudonym.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Cecile D. Portilla*
CECILE D. PORTILLA, ESQ.
*Attorney for Plaintiff, Patient MV*

Dated: November 20, 2026

**VII. JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

/s/ Eldridge Hawkins
ELDRIDGE HAWKINS, ESQUIRE
Dated: November 20, 2026